UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jessica Monique Rowell,

          Plaintiff,

v.

Judge Leonardo Castro,

          Defendant.

Case No. 19-cv-1108 (SRN/DTS)

**REPORT AND RECOMMENDATION**

Plaintiff Jessica Monique Rowell, a civil detainee of the State of Minnesota, seeks monetary relief in this action from the judge who imposed the civil commitment. Rowell did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Rowell qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

"[G]enerally, a judge is immune from a suit for money damages" for actions taken in the judge's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)

1

(collecting cases). Rowell seeks relief from the defendant in this matter for entirely judicial tasks—i.e., the imposition of an order of commitment and forced medication. *See In the Matter of the Civil Commitment of Rowell*, No. 62-MH-PR-17-194 (Minn. Dist. Ct.). There is no allegation in the complaint or reason to believe that the defendant acted beyond the bounds of his jurisdiction in entering the order of commitment and medication at issue in this matter. Even if that order was mistaken about the relevant facts of the case, or even if the order erred with respect to the law, the entry of the order nevertheless remains a quintessentially judicial action for which the defendant is immune from suit for monetary damages. *Id.* at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). Rowell cannot recover money from the judge who ordered her civilly committed; this matter must be dismissed with prejudice. *See Grazzini-Rucki v. Knutson*, 597 Fed. App'x 902 (8th Cir. 2015) (affirming dismissal with prejudice of claims dismissed on grounds of judicial immunity).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) on the basis of judicial immunity.

2. Plaintiff Jessica Monique Rowell's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: May 22, 2019

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).